NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO HERNANDEZ CEREN, AKA Hugo Ceren, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-72612 <br><br> Agency No. A073-956-722 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2020
Pasadena, California

Before: BERZON, TALLMAN, and R. NELSON, Circuit Judges.

Hugo Hernandez Ceren ("Ceren"), a native and citizen of El Salvador, seeks

review of the decision of the Board of Immigration Appeals ("BIA") to affirm the

immigration judge's ("IJ") denial of his request for asylum, withholding of

removal, and protection under the Convention Against Torture from El Salvador

and Mexico. We deny his petition for review.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

## I

Ceren does not contest that he is ineligible for asylum from El Salvador and Convention Against Torture protection from both El Salvador and Mexico. Those issues are therefore waived. *See, e.g.*, *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

## II

Ceren disputes the IJ's determination that he was convicted of a "particularly serious crime" and therefore is ineligible for withholding of removal. INA §§ 208(b)(2)(A)(ii), 241(b)(3)(B)(ii), 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). We review an agency's decision that a crime was "particularly serious" for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam). Review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks omitted). Because the BIA adopted the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the IJ's particularly serious crime determination is the subject of our review. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

The IJ employed the requisite case-by-case analysis to determine that Ceren's conviction for stalking under California Penal Code § 646.9(b) was a particularly serious crime. In conducting her analysis, the IJ considered all

2

relevant factors: (1) the nature of the crime, including that it involved threats against a person rather than property; (2) the fact that Ceren was given a "three-year prison sentence"; and (3) the underlying circumstances of the offense. *See Alphonsus v. Holder*, 705 F.3d 1031, 1041 (9th Cir. 2013).

The dissent misunderstands the original sentence imposed by the California Superior Court when Ceren was convicted of felony stalking under California Penal Code § 646.9(b). Ceren was sentenced to three years' imprisonment for his conviction for stalking; execution of the prison sentence was suspended and he was placed on formal probation for a period of three years and ordered to serve 365 days in county jail. When he later violated his probation in 2011, the court returned him to prison to serve the entirety of the three-year sentence. The IJ did not err in stating that Ceren's felony conviction led to a three-year sentence. Generally, under the Immigration and Nationality Act, any reference to a "sentence" also includes a suspended sentence. *See* 8 U.S.C. §§ 1101(a)(48)(B), 1231(b)(3)(B)(ii). Moreover, Ceren ultimately served his three-year prison sentence after violating his probation by again contacting his ex-wife, repeating the conduct that led to his original conviction.

This case is not governed by *Flores-Vega v. Barr*, 932 F.3d 878 (9th Cir. 2019), which held that the BIA abused its discretion in part by considering the *potential* penalty rather than the sentence imposed, *id.* at 885, or by *Avendano-*

3

*Hernandez*, which held that the sentence for a probation violation cannot be considered a "sentence enhancement," 800 F.3d at 1078. Here, Ceren was both originally sentenced to, and actually served, a three-year prison term and the IJ did not consider the previously suspended sentence an enhancement as punishment for the probation violation. The IJ had all of the relevant court records before her, which recount Ceren's serious actions in threatening to kill his ex-wife, the "more than a hundred messages" he sent to harass her, and his repeated violation of a judicial restraining order. The IJ therefore did not abuse her discretion in determining that Ceren's conviction for stalking was a particularly serious crime.

III

The IJ also did not abuse her discretion in denying Ceren's second motion to continue. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246–47 (9th Cir. 2008) (per curiam). At the end of the first day of Ceren's hearing on March 14, after all testimony had been taken, the IJ continued the proceedings to March 22 in order to issue her oral decision. She also allowed Ceren's counsel that extra time to submit properly translated copies of several documents to the court. Ceren's counsel did not appear on March 22 and Ceren requested a second continuance, which was denied. The properly translated documents were never submitted to the IJ or the BIA. Because the hearing was originally continued for the limited purpose of allowing the IJ to render her decision and Ceren was not prejudiced by the absence

4

of his attorney during the reading of the IJ's determination, he also was not denied a right to counsel. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 994–95 (9th Cir. 2018).

The petition for review is **DENIED.**

*Hernandez Ceren v. Barr*, No. 18-72612

BERZON, Circuit Judge, dissenting:

I concur in Part I of the memorandum disposition, but respectfully dissent from Parts II and III. I would grant the petition in part and remand for further proceedings.

1. This Court's review of a "particularly serious crime" determination is "limited to ensuring that the agency relied on the 'appropriate factors' and 'proper evidence' to reach [its] conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d F.3d 1072, 1077 (9th Cir. 2015). Here, the IJ relied on inaccurate evidence. The IJ erroneously stated that Ceren was "sentenced to three years in prison," to support her conclusion that the crime for which he was sentenced was "particularly serious." Ceren was in fact given a partially suspended sentence for his original conviction, comprised of one year in county jail and three years of probation. Almost two years later, Ceren was sentenced to three years in state prison for violation of his probation.

The IJ either failed to acknowledge or did not realize that Ceren was originally given a suspended sentence; never recognized that Ceren was sentenced to time in prison only in response to a probation violation; and did not describe or consider the seriousness of the conduct underlying the probation violation—which was mailing one card to his ex-wife.

1

Even if it is appropriate to *consider* the sentence imposed for a probation violation when it is for the same or similar conduct as the original conviction, there is no indication that the IJ or the BIA realized that the sentence relied upon was for a probation violation. The IJ does not mention that Ceren violated his probation or discuss the conduct underlying the probation violation in rendering her decision. *Compare Avendano-Hernandez*, 800 F.3d at 1078 (holding any error in considering the sentence for violation of probation harmless because the BIA properly identified Avendano-Hernandez's original sentence).

Relatedly, the IJ did not appropriately consider the "type of sentence imposed" for Ceren's original conviction, which was a suspended sentence. Receiving a suspended sentence, as opposed to a sentence of incarceration, can affect whether a crime is "particularly serious." *Flores-Vega v. Barr* emphasized that "neither the IJ nor the BIA even mentioned, in analyzing the *Frentescu* factors, that Flores-Vega received an entirely suspended one-year sentence." 932 F.3d 878, 885 (9th Cir. 2019). In *Matter of Frentescu*, the case that established the relevant factors for determining if a crime was "particularly serious," the BIA noted that "the applicant received a suspended sentence after spending a relatively short period of time in prison (3 months). Such sentence, as viewed by the state circuit court judge, reflects upon the seriousness of the applicants danger to the community." 18 I. & N. Dec. at 247. These cases indicate that the IJ must *consider*

2

the sentence imposed for the original conviction, including whether that sentence was suspended, in assessing whether the crime was "particularly serious."

I would hold that the IJ abused her discretion by failing to consider the appropriate sentencing factors when making her "particularly serious crime" determination.

2. I would also hold that the IJ abused her discretion and denied Ceren the right to counsel when she refused to grant his motion to continue at the March 22, 2018 continued merits hearing. "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing. Nonetheless, we cannot allow a myopic insistence upon expeditiousness to render the right to counsel an empty formality." *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) (internal citation and quotation marks omitted).

At the March 22, 2018 continued merits hearing, Ceren appeared without counsel. Despite understanding that Ceren's lawyer was ill, that Ceren's lawyer expected to finish her closing arguments and submit translated documents for consideration at the continued hearing, and that the hearing would have to be postponed for only a few weeks to allow Ceren to appear with counsel, the IJ denied Ceren's motion to continue as not "supported by good cause because [she was] not certain that it would be fruitful."

A petitioner is not required to show that he was prejudiced by the absence of his attorney at a merits hearing because "denial of counsel in an immigration proceeding is serious enough to be reversible without a showing of error." *Montes-Lopez v. Holder*, 694 F.3d 1085, 1093-94 (9th Cir. 2012). I therefore would hold that the IJ abused her discretion by denying Ceren's motion to continue and so violating his right to counsel.[1]

For those reasons, I would deny the petition in part, grant the petition in part, and remand for further proceedings.

---

[1] *Gomez-Velazco v. Sessions* held that petitioners are required to demonstrate prejudice when they are denied counsel during an initial interaction with DHS officers, which is a "discrete stage" of expedited removal proceedings. 879 F.3d 989, 994 (9th Cir. 2018). Here, Ceren was denied counsel at his continued merits hearing, not a preliminary or nonsubstantive proceeding.